```
MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
6140 Stoneridge Mall Drive #250
Pleasanton, California 94588
(925) 621-1900

Trustee for Debtor(s)
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MATTHEW LEUS FLORES<br>ANTOINETTE LANTIN FLORES<br>         Debtors,<br>_____/ | CHAPTER 13<br><br>CASE NO. 09-41902 MEH 13<br><br>**TRUSTEE'S MOTION TO SET ASIDE DISCHARGE BASED ON FAILURE TO DISCLOSE POTENTIAL ASSET OF THE ESTATE** |

    COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) files this Motion to Set-Aside Discharge based on failure to disclose potential asset of the estate pursuant to Rule 9024.

    The Trustee requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed. R. Evid. 201.

**FACTS**

1. Martha G. Bronitsky is the Chapter 13 Standing Trustee ("Trustee") in this case.
2. Patrick L. Forte is counsel for the Debtors.
3. The Chapter 13 Plan was confirmed on May 28, 2009. (Doc. #12).
4. The plan, as modified on September 25, 2012, required payments of $650 for 41 months and $100 for 19 months. (Doc. #37).
5. The Debtors filed Debtors' Certification in Support of Discharge and Notice and Opportunity for a Hearing on February 26, 2014. (Doc. #42).
6. The Debtors received a Chapter 13 discharge on March 24, 2014. (Doc. #46).
7. The plan paid approximately 3 percent to general unsecured creditors.
8. On or about September 2013, month 54 of the plan, the Debtors retained an attorney, Mark Hooshmand, to sue Lawrence Choy, a former landlord.
9. Prior to the Debtors' final payment, the Debtors sued Mr. Choy in state court, filed a claim in Mr. Choy's Chapter 11 proceeding for $200,000, and filed an adversary proceeding.
10. Mr. Hooshmand was not approved by the Bankruptcy Court to represent the Debtors.
11. The attorney representing Mr. Choy, Scott D. Schwartz, notified the Chapter 13 Trustee on or about April 15, 2014.

**ARGUMENT**

**COURT HAS AUTHORITY TO VACATE ORDER DISCHARGING DEBTORS PURSUANT TO FEDERAL RULE 60(b) AS INCORPORATED UNDER BANKRUPTCY RULE 9024**

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024 incorporates Federal Rule of Civil Procedure 60 ("Federal Rule"). Fed. R. Bankr. Proc. 9024. Federal Rule 60(b)(1) allows for relief from a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect" and (6) "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b)(1) & (6).

Rule 60(b)(1) and (6) are applicable because the Debtors' failure to disclose a possible asset of the estate (a cause of action against Mr. Choy seeking $200,000) falls under "surprise" and "any other reason" justifying relief from relief. When the Debtors retained Mr. Hooshmand in the 54th month, they should have immediately notified their bankruptcy attorney who had an obligation to file amended schedules pursuant to Federal Rule 1007(h):

> **(h) INTERESTS ACQUIRED OR ARISING AFTER PETITION.** If, as provided by §541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 14 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule in the chapter 7 liquidation case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual debt adjustment case. If any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule. The duty to file a

supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case, except that the schedule need not be filed in a chapter 11, chapter 12, or chapter 13 case with respect to property acquired after entry of the order confirming a chapter 11 plan or discharging the debtor in a chapter 12 or chapter 13 case.

Federal Rule 1007(h).

Had the Debtor filed an amended schedule B (and possibly C), the Trustee would have made a determination whether she believed this was property of the estate and taken appropriate action before the Debtors received a discharge. Instead, the Trustee found out about this cause of action by the attorneys representing Lawrence Chow on or about April 15, 2014 (i.e., 20 days after the Debtors received a discharge).

The Debtors should not be rewarded with a discharge for failing to disclose a potential asset of the estate. This is especially important where, as here, the proof of claim in Mr. Choy's bankruptcy was for $200,000 and the Debtors were only paying $100 per month with 3 percent to general unsecured creditors. The discharge should be set aside to afford the Trustee with the same opportunity – to pursue an interest in the potential $200,000 asset – she would have had had the asset been disclosed under Rule 1007(h).

**CONCLUSION**

**WHEREFORE**, the Debtors' Discharge should be Set-Aside pursuant to Rule 9024 based on the Debtors' failure to disclose a potential asset of the estate.

RESPECTFULLY SUBMITTED

<u>April 21, 2014</u>        <u>/s/Martha G. Bronitsky 5909</u>
DATE                  Martha G. Bronitsky, Esq.
                       Chapter 13 Standing Trustee